# KOFFSKY SCHWALB LLC

**Efrem Schwalb**
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

May 14, 2026

**VIA ECF**
Honorable Jessica G. L. Clarke
United States District Court Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601



Re:    *Poughkeepsie Storage Solutions LLC v. Storage Cap Poughkeepsie L.P.*
No.  7:26-cv-01657-JGLC

Dear Judge Clarke:

In accordance with the Court's order, the parties submit this joint letter concerning a motion to stay discovery pending determination of the motion to dismiss and for judgment on the pleadings. (ECF No. 27)

**Plaintiff's Position**

Koffsky Schwalb LLC represents plaintiff-counterclaim defendant Poughkeepsie Storage Solutions LLC and counterclaim defendants Prime Space Capital LLC and Israel Friedman (collectively, the "Counterclaim Defendants").

"When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a [party] has made a strong showing that the [opponent's] claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, 2016 WL 2641122, at *1 (S.D.N.Y. 2016). These factors support a stay here.

Strong Showing.  A review of the moving memorandum (ECF No. 28) shows that we have made a strong showing.  Most of the issues in the case revolve around construction of the Third Amendment to the parties' agreement.  That amendment unambiguously bifurcated the obligation to purchase the two properties at issue and expressly contemplated a closing on only one property, which directly contradicts the position defendant is taking in this case. (*Id.* at 6-7, 16-18).  Section 1 of the Third Amendment (ECF No. 13-4) allocates the purchase price among the two properties, and provides that "[i]n the event that only one Property closes, the Purchase Price for such Property shall be the allocated amount set forth above."

**KOFFSKY SCHWALB**LLC

Honorable Jessica G. L. Clarke
May 14, 2026
Page 2

The partiers agreed to delete the provision in the original purchase agreement which made the sale of the two properties contingent on one another and, instead,  Section 4 of the Third Amendment states in full:

> Section 26 of the Original Agreement, entitled "Portfolio Sale", is hereby deleted in its entirety.  The parties acknowledge and agree that the Closing of the purchase and sale of the Syracuse Property may occur independently of the Closing of the purchase and sale of the Poughkeepsie Property, and vice versa.  Neither Seller nor Purchaser shall have any obligation to close on one Property as a condition to closing on the other Property, and the failure to close on one Property shall not affect the obligations of the parties to close on the other Property, subject to the terms and conditions of the Agreement.

This is a central and dispositive issue in the case.  These provisions are unambiguous , which means the Court construes them as a matter of law.  *Flynn v. McGraw Hill LLC*, 120 F.4th 1157, 1165-66 (2d Cir. 2024).  The Third Amendment clearly supports only one construction, Plaintiff's.

The other major issue is Defendant's assertion that the Third Amendment was induced by fraud.  The motion demonstrates that this is completely baseless:  the fraud claim depends upon an email, which Defendant failed to attach to its pleading, and which when reviewed clearly does not say what they claim.  Defendants also rely upon representations that occurred weeks after they agreed to the Third Amendment, which clearly precludes any claim of reliance.  The fraud claim is therefore likewise baseless.  (*See id.* at 10-15).

A motion to dismiss is sufficient to support a stay where it "is potentially dispositive, and appears to be not unfounded in the law." *Negrete v. Citibank, N.A*., 2015 WL 8207466, at *1 (S.D.N.Y. 2015).  Plaintiff's showing  is much stronger than that standard and clearly demonstrates that Defendant's claims lack merit.

    <u>Burden of Discovery</u>.  Defendant seeks full discovery, including document and deposition discovery, with no limitations.  There were three amendments to the contract, and the email traffic and communications involved multiple individuals working for the buyer and seller, brokers and environmental consultants, as well as attorneys.  Because of the multiple parties involved, document collection and review, including for privilege because of the involvement of attorneys in the negotiations, clearly would be burdensome.  If the fraud claim is sustained, it would require extensive depositions of the parties allegedly making and allegedly relying upon the alleged misrepresentations, as well as discovery of third parties involved in the due diligence and preparation for closing.  Discovery expense is likely to be in the hundreds of thousands of dollars.

    <u>Prejudice to Defendant</u>.  A stay of discovery in the early stages of a case generally does not prejudice a party.  *Negrete,* 2015 WL 8207466, at *2.  In this case, there is the additional factor of the Notice of Pendency filed by Plaintiff as to one of the two properties, the "Poughkeepsie Property."  While this presents some prejudice to Defendant, it is not as great as it appears.  For

**KOFFSKY SCHWALB**LLC

Honorable Jessica G. L. Clarke
May 14, 2026
Page 3

one thing, the Notice relates only to one property; Defendant is free to sell the second, Syracuse Property.  Second, as pointed out in our motion, there is an escrow deposit that Defendant agreed would be liquidated damages.  (ECF No. 28 at 21-23)  In the unlikely event that Defendant's position prevails, it is protected by that escrow.

On balance, the factors support a stay of discovery until the motion is determined.  Plaintiff requests the Court order such a stay.

**Defendant's Position**

Holland & Knight LLP represents Defendant-Counterclaim Plaintiff Storage Cap Poughkeepsie, L.P. ("Storage Cap").

Under Federal Rule of Civil Procedure 26(c), a court may stay discovery for "good cause." "[W]hile discovery may in a proper case be stayed pending the outcome of a motion to dismiss, 'the issuance of a stay is by no means automatic.'" *Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citations omitted).

Courts consider the following factors when determining whether a stay is appropriate: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *HAHA Glob., Inc. v. Barclays*, No. 119-CV-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citations omitted). "These three factors are nonexclusive, and ultimately the overarching consideration of the circumstances in their totality governs." *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023) (citation omitted).  "The burden is on the movant to establish that a stay is warranted." *Nike, Inc. v. Lululemon USA Inc.*, No. 22-CV-00082 (RA) (OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (citation omitted).

Strong Showing

This factor "is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (citation omitted). "Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive, such as where a challenge is directed to the Court's jurisdiction." *Hachette Distrib., Inc. v. Hudson Cnty. News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citations omitted).  "When determining if a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit." *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005 (S.D.N.Y. July 6, 2023). "Conversely, a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in support of their positions." *Id.*

**KOFFSKY SCHWALB**LLC

Honorable Jessica G. L. Clarke
May 14, 2026
Page 4

Counterclaim Defendants fail to make the strong showing warranting a stay. Rather than identifying any legitimate burden or inefficiency, their positions reflect a strategic effort "to obtain an initial ruling on the viability of" Storage Cap's case. Counterclaim Defendants' argument rests on an artificially narrow reading of the Third Amendment in isolation, while disregarding the PSA and the parties' purpose in entering into the amendments. Critically, though the Third Amendment permitted the properties to close separately, it expressly remained "subject to the terms and conditions of the Agreement." ECF No. 13-4.

These terms included Section 1 of the PSA, which defined "Property" to include "Land," encompassing the Syracuse and Poughkeepsie Properties set to close on December 31, 2025, and Section 3, which states that "should Purchaser approve the Property in accordance with this Section 3, Purchaser shall be deemed to have elected to purchase *both* the Syracuse and Poughkeepsie Properties at Closing." ECF No. 13-4 (emphasis added). Neither provision was superseded by the Third Amendment. Counterclaim Defendants approved both Properties and were required by the PSA's terms to purchase each.

Moreover, Storage Cap's fraudulent inducement claim is well-founded. The Counterclaims satisfy fraudulent inducement and Federal Rule of Civil Procedure 9(b) pleading requirements. Counterclaim Defendants made material misstatements regarding the need for purported environmental due diligence, inducing Storage Cap to enter the Third Amendment so they could purchase the Poughkeepsie Property at a discount—despite never intending to close on the Syracuse Property. The November 12, 2025 email referenced in the Counterclaims clearly demonstrates unresolved environmental due diligence issues for the Poughkeepsie Property, which were part of Prime Space's obligations under the PSA. Storage Cap reasonably relied on these misstatements, among other misstatements, when entering into the Third Amendment.

Counterclaim Defendants cannot show the counterclaims are facially deficient; to the contrary, they present substantial arguments supporting Storage Cap's claims. At a minimum, the PSA and Third Amendment, read together, create ambiguity and factual disputes, not purely legal issues. The same is true of Storage Cap's allegations that misrepresentations induced the Third Amendment. These fact-intensive issues cannot be resolved on a motion to dismiss and weigh against any "strong showing" required for a stay.

<u>Burden of Discovery</u>

Courts frequently decline to issue stays "where defendants fail to show why discovery would be burdensome." *Bennett v. Cuomo*, No. 22-CV-07846, 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023). Counterclaim Defendants assert in conclusory fashion that discovery would be burdensome and that the fraud claim would require "extensive depositions," without providing any basis. Counterclaim Defendants cannot argue in good faith that discovery will be burdensome: the factual timeframe is confined to a one-year period (2025), document production will likely be limited to emails and transaction documents from this discrete period, and only a few individuals (including third parties) involved in this transaction may be deposed. This factor weighs against a stay.

**KOFFSKY SCHWALB**LLC

Honorable Jessica G. L. Clarke
May 14, 2026
Page 5

Prejudice to Defendant

As Counterclaim Defendants concede, a stay would prejudice Storage Cap. The Notice of Pendency restricts Storage Cap's ability to market and sell the Poughkeepsie Property at fair value; as long as it remains in place, Storage Cap loses significant value it could otherwise realize from a sale. Storage Cap's ability to sell the Syracuse Property does not mitigate this harm because the Poughkeepsie Property remains encumbered, preventing Storage Cap from generating revenue from an asset worth millions. Moreover, although Storage Cap objects to any limitation of damages to the escrow amount, the escrow has no bearing on the profits Storage Cap could obtain through an unencumbered sale of the Poughkeepsie Property—profits unavailable solely because PSS initiated this lawsuit. Although this case is in its early stages, "simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *OV Loop, Inc.*, 2023 WL 7905690, at *2. This factor weighs against a stay.

Accordingly, Counterclaim Defendants have not met their burden to demonstrate a stay is warranted. Storage Cap respectfully requests that the Court deny the stay.

Respectfully Submitted,

KOFFSKY SCHWALB, LLC                    HOLLAND & KNIGHT LLP

/s/ Efrem Schwalb                       /s/ Duvol M. Thompson
Efrem Schwalb                           Duvol M. Thompson
Tal S. Benschar                         Noah Parson
500 Seventh Avenue, 8th Floor           787 Seventh Avenue, 31st Floor
New York, New York 10018                New York, NY 10019
Ph: 646.553.1590                        T: (212) 513-3200
Fax: 646.553.1591                       F: (212) 385-9010
E-Mail: eschwalb@koffskyschwalb.com     duvol.thompson@hklaw.com
*Attorneys for Plaintiff*                *Attorneys for Defendant-Counterclaim*
*and Counterclaim Defendants*            *Plaintiff Storage Cap Poughkeepsie, L.P*

The Court has reviewed the parties' submission regarding Plaintiff's motion to stay discovery (ECF No. 30), and the Court has considered the arguments made by counsel at the initial pretrial conference on May 7, 2026. Based on that review, the Court denies the stay. At this juncture, it is unclear whether Plaintiff's motion to dismiss and for judgment on the pleadings will fully resolve this action, and in any event, the filing of a motion to dismiss does not automatically stay discovery. Furthermore, Plaintiff has failed to demonstrate how discovery is likely to be burdensome in what appears to be a relatively straightforward breach of contract case. Lastly, Defendant has articulated viable prejudice. *See* ECF No. 30 at 2, 5. Accordingly, the Court denies the requested stay. If the parties would like to amend the dates set forth in the proposed case management plan ("CMP") at ECF No. 25, they may submit a new proposed CMP by May 21, 2026. The Clerk of Court is directed to terminate ECF No. 30. SO ORDERED.

Dated: May 18, 2026
        White Plains, New York

*Jessica Clarke*

JESSICA G. L. CLARKE, United States District Judge